**PARKERSBURG STATE BANK, an Iowa Corporation, Appellant,**

v.

**SWIFT INDEPENDENT PACKING COMPANY, A Delaware Corporation, Appellee.**

No. 84–2275.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1985.

Decided June 11, 1985.

Ronald Pepples, Parkersburg, Iowa, for appellant.

William L. Dawe, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, REGAN,* District Judge.

LAY, Chief Judge.

Parkersburg State Bank appeals from the district court's grant of summary judgment for Swift Independent Packing Company in an action for damages for conversion of cattle sold to Swift by Dennis Schuck, an Iowa farmer. The Bank asserts the cattle were subject to a perfected security interest. The Bank contends that even though there was a course of dealing between the Bank and the debtor, Schuck, which authorized Schuck to sell his farm products for cash and to deposit the proceedings in his checking account with the

Bank, the sales to Swift were not within that course of dealing. We affirm.

**Facts**

Schuck obtained financing for his farming operations from the Bank during the period between 1972 and 1983. These loans were secured by Schuck's farm products including grain, livestock, and other personal property under a security agreement with the Bank. The security agreement was properly perfected and covered the cattle in question. The agreement included a clause stating "[t]he Debtor will not sell or offer to sell or otherwise transfer or encumber the Collateral or any interest therein without the prior written consent of the Secured Party." This clause, however, was never enforced by the Bank and the practice was for Schuck to sell collateral such as grain and livestock at his discretion and deposit the proceeds in his checking account with the Bank. He would then pay all or part of his debt with the Bank from this account.

In early 1982, the Bank loaned Schuck $51,000.00 to purchase 128 head of cattle and perfected its security interest in those cattle. When the note came due in February 1983, it was extended for thirty days upon Schuck's representation that the cattle were not ready for market. However, Schuck previously had sold most of the cattle to Swift and other packing houses. The proceeds from the sales had been deposited in another bank and were used for farm operating expenses. Schuck has obtained a discharge in bankruptcy and is not a party to this action.

The Bank filed this action seeking damages from Swift on a theory of conversion. The district court granted Swift's motion for summary judgment finding no genuine issues of material fact. The court found the Bank had established a pattern of dealing with Schuck which allowed him to sell collateral at his discretion; thus, Schuck was given implicit authority to sell collat-

---

* The HONORABLE JOHN K. REGAN, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

eral for cash without notice or prior consent of the Bank.

## Discussion

The issue is whether the Bank retained a security interest under Iowa law in the cattle after their transfer to Swift. The applicable law is section 554.9306(2) of the Iowa Code, which provides:

(2) Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or *otherwise,* and also continues in any identifiable proceeds including collections received by the debtor.

Iowa Code § 554.9306(2) (1985) (emphasis added). Iowa courts have held a prior course of dealing may constitute authority to sell pledged collateral under § 554.-9306(2). *Larsen v. Warrington,* 348 N.W.2d 637, 641 (Iowa Ct.App.1984) (quoting *Hedrick Savings Bank v. Myers,* 229 N.W.2d 252 (Iowa 1975)). On appeal the Bank does not dispute the existence of a prior course of dealing between it and Schuck; rather, it contends the sales to Swift were not within that course of dealing. Relying on *Larsen v. Warrington,* 348 N.W.2d 637 (Iowa Ct.App.1984), the Bank argues Schuck departed from the prior course of dealing when he deposited the proceeds from the Swift sales in a second bank account and then used the funds for farm operating expenses. We reject the Bank's contention, however, and concur in the district court's analysis.

In *Larsen* the evidence established a course of dealing whereby the debtor sold feeder pigs for cash and used the cash proceeds to pay the lender and other operating debts. The challenged transaction, however, involved a direct transfer of feeder pigs to a feed dealer in partial satisfaction of a feed bill in addition to an agreement by the debtor to maintain and care for the animals on his premises in satisfaction of the remainder of the feed bill. The Iowa Court of Appeals held there was substantial evidence to support the trial court's finding that the debtor was outside the course of dealing when he made the direct transfer of the pigs in exchange for cancellation of his debt. The court stated:

The trial court's determination that Warrington was acting outside that course of dealing when he transferred the pigs directly to Larsen is supported by substantial evidence. Even though plaintiff was able to establish a course of dealing impliedly authorizing Warrington to sell feeder pigs, the transfer of the feeder pigs to plaintiff in satisfaction of a preexisting debt was not within that course of dealing.

*Id.* at 642.

We find, as did the trial court, that *Larsen* does not govern this case. The sales to Swift were not transfers in satisfaction of a preexisting debt, they were cash sales identical to the prior cash sales of collateral establishing the course of dealing. The only difference was in the ultimate disposition of the cash proceeds. However, the Iowa courts have clearly held that the failure of the debtor to apply the sale proceeds to the secured debt does not affect a finding that the sale was authorized within the meaning of § 554.9306(2). *See Ottumwa Production Credit Association v. Keoco Auction Co.,* 347 N.W.2d 393, 397 (Iowa 1984) (quoting *Lisbon Bank and Trust Co. v. Murray,* 206 N.W.2d 96, 99 (Iowa 1973): "This principle [of waiver] is unaffected by a finding such as was made here that the authority to sell was conditioned upon the debtor's agreement to apply the proceeds to the debt * * *."); *Ottumwa Production Credit Association v. Heinhold Hog Market, Inc.,* 340 N.W.2d 801, 803 (Iowa Ct.App.1983). Because the Swift sales were within, indeed identical to, the prior course of dealing, we hold the sales were authorized within the purview of § 554.9306(2). Thus, the Bank waived its security interest in the collateral as a matter of law. In these circumstances, we find irrelevant the Bank's argument that Swift had a duty to exercise self-protection by inquiring with a private computer ser-

vice as to the existence of a security interest on the collateral in question.

Accordingly, we affirm the district court's finding that summary judgment should be rendered in favor of Swift.